## STATE, DEPARTMENT OF HIGHWAYS, v. THOMAS S. COHOON AND ANOTHER.

190 N. W. (2d) 488.

September 17, 1971—Nos. 42366, 42415.

*Douglas W. Thomson, John R. Wylde, Jr.,* and *Jack S. Nordby,* for appellants.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *John R. Murphy* and *Frederick Suhler, Jr.,* Special Assistant Attorneys General, for respondent.

Heard before Murphy, Rogosheske, Peterson, Kelly, and Odden, JJ.

KELLY, JUSTICE.

Defendants appeal from orders of the district court sustaining orders of license revocation issued by the commissioner of highways.[1]

Two defendants, both of whom had refused to submit to a chemical test under Minn. St. 169.123, petitioned for a trial de

---

[1] L. 1969, c. 1129, art. I, § 1, created the Department of Public Safety, and art. I, § 18, transferred all powers and duties in regard to drivers' licensing and safety responsibility from the commissioner of highways to the commissioner of public safety, hereinafter referred to as commissioner.

novo by jury in district court after municipal court judges in separate hearings had sustained the orders of revocation of the commissioner. The two cases were heard separately by the same district court judge and have been consolidated on this appeal. The district court judge ruled in both cases that certain rules characteristic of a civil proceeding governed, rather than those generally controlling in a criminal trial. These rulings form the basis of the issues presented here on appeal, the errors specifically alleged in each case being:

(1) The jury was selected as in a civil action.

(2) The jury was instructed to return a special rather than a general verdict.

(3) The jury was instructed that it could arrive at a verdict after six hours by agreement of 10 or 11 jurors.

(4) The jury was instructed that the standard of proof was to be by a preponderance of the evidence.

(5) The jury was given no instruction embodying a presumption of innocence for the defendant.

We hold that the district court was correct, that this type of case is civil in character rather than criminal, and that the rules and procedures of a civil proceeding shall apply. Minn. St. 169.123, subd. 7, provides:

"If the revocation or denial is sustained, the person whose license or permit to drive, or nonresident operating privilege has been revoked or denied, may within 20 days after notice of the determination by the commissioner of public safety file a petition for a hearing of the matter in the district court * * *. * * * The matter shall be heard de novo with a right of trial by jury."

Unlike § 169.123, subd. 6, which relates only to the hearing by a municipal judge or probate judge, subd. 7 is silent as to the manner in which the hearing in the district court shall be conducted. Minn. St. 169.123, subd. 6, provides:

"The hearing shall be before a municipal judge, or probate judge if no municipal judge is available, * * *. The hearing

shall be recorded and proceed as in a criminal matter, without the right of trial by jury * * *."

In State, Department of Highways, v. Halvorson, 288 Minn. 424, 431, 181 N. W. (2d) 473, 477, this court stated:

"* * * A license revocation proceeding is civil in nature, notwithstanding the vague language in § 169.123, subd. 6, that the judicial hearing 'shall proceed as in a criminal matter.' State Department of Highways v. Normandin, 284 Minn. 24, 26, 169 N. W. (2d) 222, 224. The defendant, therefore, is not clothed with those substantive constitutional rights associated with criminal matters. The defendant is not entitled to a presumption of innocence * * *."

In State, Department of Highways, v. Normandin, 284 Minn. 24, 26, 169 N. W. (2d) 222, 224, the court explained:

"* * * The language of § 169.123, subd. 6, stating that '[t]he hearing shall * * * proceed as in a criminal matter' merely directs that the court in the trial of this kind of a civil proceeding should follow the procedures used in criminal cases. If the proceeding were criminal in essence, there would be no necessity for this language."

In the absence of the provision "[t]he hearing shall * * * proceed as in a criminal matter" which appears in subd. 6, but not in subd. 7, we do not feel at liberty to conclude that the hearing in district court should likewise proceed as in a criminal matter. The hearing in district court should be governed by the rules and procedures of a civil proceeding.

In cases tried under § 169.123 there is no determination as to guilt or innocence, and the district court does not impose a sentence upon a decision adverse to such person. The hearing is not a criminal action or proceeding, but rather, it is a review of the commissioner's action which is civil in nature. The district court did not err in applying the rules and procedures characteristic of a civil proceeding.

Our construction of § 169.123, subd. 7, also corresponds with that of the attorney general in an opinion issued in an earlier case appealed pursuant to that subdivision. Opinion Attorney General, No. 141 (f), Aug. 13, 1962. Although, of course, that opinion is not binding on this court, it does deserve the respectful consideration we give it. The attorney general's interpretation of subd. 7, that the Rules of Civil Procedure should apply, was made less than 2 years after the implied-consent statute was passed, and intervening sessions of the legislature have not disturbed that portion of the statute in this respect.

Affirmed.